"The jurors for the State, upon their oaths present, that Benjamin M. Enloe, Alexander Crisp, and George Southerland, all late of, etc., on etc., being evil disposed persons and wickedly devising and intending not only to obstruct the due administration of the criminal law of the State, but also to prevent the laws from being duly enforced, and also to exonerate from the pains and penalties by the laws of the State made and provided against, and inflicted upon, persons guilty of assault and *Page 400 
battery, on, etc., in, etc., with force and arms did, amongst themselves, conspire, combine, confederate and agree together, wickedly and corruptly, to burn and destroy a certain State's warrant against the said Alexander Crisp, and recognizance entered into by him, the said Alexander Crisp; and the jurors aforesaid, upon their oath aforesaid, do further present that the said B. M. E., A. C., and G.S., afterwards, to wit, on, (509) etc., in, etc., in pursuance of and according to the said conspiracy, combination, confederacy and agreement amongst themselves, had as aforesaid, he the said B. M. E., being then and there a deputy sheriff in the county aforesaid, and having received from one Jesse C. Cockeram, a justice of the peace for the county aforesaid, a certain State's warrant against the aforesaid A. C., for an assault and battery, and a recognizance entered into by the said A. C. for his appearance at the Court of Pleas and Quarter Sessions, at its June sessions, in the year, etc., to answer the aforesaid charge of assault and battery. And the jurors aforesaid, upon their oath aforesaid, do further present that in further pursuance of said conspiracy, combination, confederacy and agreement, had amongst themselves, the said B. M. E., A. C., and G.S., as aforesaid, he, the said B. M. E., did not bring and deliver the aforesaid State's warrant and recognizance to the proper officer of the court aforesaid, as he, the said B. M. E., had promised and agreed to and with the aforesaid Jesse C. Cockeram, justice of the peace as aforesaid, who had full power and authority to take said recognizance as aforesaid. And the jurors aforesaid, upon their oath aforesaid, do further present that in further pursuance of said conspiracy, combination, confederation, and agreement, entered into as aforesaid, they, the said B. M. E., A. C., and G.S., did then and there, in the county aforesaid, with force and arms in the county aforesaid, destroy and burn the said State's warrant and recognizance aforesaid, in obstruction of the public justice, of the laws of the State, to the perversion of the due administration of public justice, to the great damage of all the good citizens of the State, to the evil example of all others in like case offending, and against the peace and dignity of the State.
"And the jurors aforesaid do further present that Benjamin M. Enloe, Alexander Crisp, and George Southerland, all late of, etc., on, etc., with force and arms in, etc., did conspire, combine, confederate and agree together to burn and destroy a certain State's warrant against the aforesaid A. C., charging him with the offense of an assault and battery, and a recognizance entered into by the said A. C., to appear at the June sessions of Haywood County Court of Pleas and Quarter Sessions to (510) answer said charge of the State aforesaid, in the year aforesaid, to the great contempt of the laws of the State, in obstruction of the due administration of the public justice, to the great damage of the *Page 401 
good citizens of the State, to the evil example of all others in like case offending, and against the peace and dignity of the State. And the jurors aforesaid, upon their oath aforesaid, do further present, that B. M. E., A. C., and G.S., all late of, etc., on, etc., with force and arms, in, etc., did conspire, combine, confederate and agree together amongst themselves to prevent the aforesaid A. C. from being prosecuted for the offense of an assault and battery, after he, the said A. C., had been bound to court by one Jesse C. Cockeram, a justice of the peace for said county, and did then and there procure to be burnt and destroyed the proceedings pertaining to the guilt of the aforesaid A. C., in violation of the laws of the State, to the great damage of the said Jesse C. Cockeram, in obstruction of the due and impartial administration of the criminal laws of the State, to the evil example of all others in like case offending, and against the peace and dignity of the State. And the jurors aforesaid, upon their oath aforesaid, do further present that B. M. E., A. C., and G.S., all late of, etc., on, etc., with force and arms, in, etc., did conspire, combine, confederate and agree together amongst themselves, to burn and destroy a certain recognizance entered into by the said A. C. and Charles Levin, for the appearance of the said A. C., to answer a charge of the State against him for an assault and battery, to the great damage of the justices of the peace of the county of Haywood, as well as the State of North Carolina, and in contempt of the laws of the State, to the evil example of all others in like case offending, and against the peace and dignity of the State."
On the trial, after the jury were impanelled and before any witness was examined by the solicitor for the State, the defendants' counsel objected to the reception of any evidence on the part of the State, upon the ground that the indictment was so vague and uncertain that no evidence could be relevant, but his Honor considered this objection irregular and that the proper mode was a motion to quash the indictment; and directed the solicitor to proceed. After the evidence on the part of the State had gone through the defendants offered to prove (511) that before the papers were burnt the magistrate, Cockeram, had been consulted, and agreed that if the parties concluded to settle the matter the papers might be destroyed. This evidence was objected to by the solicitor and rejected by the court, upon the ground that though it might be a circumstance in mitigation of the punishment it furnished no legal excuse or justification.
The defendants were found guilty and moved in arrest of the judgment, which motion was sustained by the court, and the judgment arrested; whereupon the solicitor, Guinn, appealed. *Page 402 
We concur with the court below in the opinion that the indictment in this case is too defective to warrant any judgment upon it.
Without entering into a critical examination of the language of the indictment it will be enough to notice what we deem its substantial defects. The offense attempted to be set forth in each count is a conspiracy to destroy a warrant in the name of the State issued against one of the defendants (Crisp), on a charge of assault and battery, and a recognizance for the appearance of said defendant to answer that charge, with the intent thereby to impede the due administration of justice. Now, it seems to us essential that the indictment should positively aver
the facts that such warrant did issue, and such a recognizance was acknowledged and should also set forth so much of the warrant and recognizance as is necessary to show that they were valid, and therefore the destruction of them might be prejudicial to the administration of justice. All the facts and circumstances which constitute a crime must be distinctly charged in the indictment, so that it may be seen that the indictors have not gone upon insufficient premises, and that the court, after the matters charged are found or confessed to be true, may pronounce, as a legal result therefrom, that a crime has been committed. In neither of the counts of this indictment is it charged as a fact that (512) a warrant to arrest Crisp on a charge of assault and battery did issue, nor that the said Crisp entered into a recognizance for his appearance to answer to said charge. The warrant and recognizance are mentioned only by way of reference or recital. Nor is it stated with any approach to precision by whom the warrant was issued, nor before whom the recognizance was taken — nor is the substance of the warrant and recognizance set forth — so that it may be seen whether they, or either of them, had legal validity.
As the appeal is at the instance of the State, because of supposed error in arresting the judgment, and we are of opinion that the alleged error does not exist, we do not enter into the consideration of the question of evidence raised by the defendants upon the trial. Had we differed from the court below upon the propriety of arresting the judgment, then this question would have been open to the defendants upon the record.
This decision is to be certified to the Superior Court of Haywood as the law directs.
PER CURIAM. Judgment to be affirmed.
Cited: State v. Gallimore, 24 N.C. 377. *Page 403 
(513)